UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:16-cr-0124-CLC-CHS-09 |
| v. | ) |
| | ) |
| CHRISTIE HENDERSON | ) |

## MEMORANDUM AND ORDER

CHRISTIE HENDERSON, ("Defendant") appeared for a hearing on February 16, 2021, in accordance with Rules 5 and 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant for an Offender Under Supervision ("Petition") in the above matter.

Defendant was placed under oath and informed of her constitutional rights. Attorney Amanda Dunn was present as retained counsel on behalf of Defendant. It was determined that Defendant had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Defendant be detained without bail pending her revocation hearing before U.S. District Judge Curtis L. Collier. Defendant waived her right to a preliminary hearing, but requested an in-person detention hearing and time to prepare for said hearing. Defendant was temporarily detained until her detention hearing, which was scheduled to take place on February 24, 2021 [Doc. 590 & Doc. 592].

### Detention Hearing Proof

Prior to giving testimony, all witnesses were properly sworn. Attorney Amanda Dunn was present as retained counsel for Defendant. Defendant called Gwendolyn Chandler and Ladarius Peck as witnesses to testify on her behalf and also proffered various evidence. The Government called U.S. Probation Officer Kevin Matherly as witness to testify as to the factual allegations set forth in the Petition and related matters. During the detention hearing both parties presented their respective evidence, proffers, and arguments, which were fully considered by the Court. The Court makes the following findings:

### Findings

(1) Based upon the Petition and waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of her condition of supervised release as alleged in the Petition.

(2) Also as addressed in detail during the extensive detention hearing, and pursuant to Fed. R. Crim. P. 32.1(a)(6), the Court further finds Defendant has not carried her burden to establish by clear and convincing evidence that she will not pose a danger to any other person or to the community if released. The Court reaches this conclusion based on the Defendant's past (although minimal) criminal history and conduct and evidence supporting her involvement in a

violent robbery. There is evidence that Defendant was in an abusive relationship with the man who allegedly committed the especially aggravated robbery of a victim with a gun, which very well might relate to her motivation for participating in the crime. However, there is also strong evidence of Defendant's contribution to the robbery and of her, at least, initial failure to be truthful with the police about her involvement and knowledge of same, leading to the criminal charges now pending against her in state court. The thrust of Defendant's argument is that since she was in an abusive relationship at the time of the alleged violations/crimes, and that relationship has now ended and she has more stable living and employment opportunities, she is not a danger. Even considering this argument and evidence, Defendant cannot carry her burden of proof as addressed in more detail during the extensive hearing. As noted, the government has strong evidence that, while she was on supervised release for her involvement in a heroin conspiracy, Defendant engaged in the above noted crimes and was not forthcoming with the police about same. The Court does not find that there are conditions of release that could be fashioned to assure the safety of the community under these circumstances. Therefore, bond is denied.

Accordingly, it is **ORDERED** that:

(1) Defendant shall appear for a revocation hearing before U.S. District Judge Collier.

(2) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending her revocation hearing before Judge Collier is **GRANTED**.

(3) T**he U.S. Marshal shall transport Defendant to an in-person revocation hearing set before District Judge Collier at 2:00 p.m. on Wednesday, April 14, 2021.**

SO ORDERED.

ENTER.  *s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE